IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 25, 2001

## STATE OF TENNESSEE v. MICHAEL DEAN BAUGH

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14768      F. Lee Russell, Judge**

---

### No. M2001-00354-CCA-R3-CD - Filed October 12, 2001

---

The defendant entered a best interest guilty plea to aggravated burglary for an agreed sentence of three years as a Range I standard offender, with the potential for alternative sentencing left to the discretion of the trial court, and a misdemeanor theft count was dismissed.  Prior to the sentencing hearing, the defendant filed a motion to set aside his plea pursuant to Tenn. R. Crim. P. 32(f), claiming he unknowingly entered it.  Following a hearing, the trial court concluded the plea was knowingly entered and denied the defendant's request for alternative sentencing.  In this appeal, the defendant claims the trial court erred (1) by denying his motion to withdraw his guilty plea, and (2) by denying alternative sentencing.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Donna L. Hargrove, District Public Defender; and Andrew Jackson Dearing, III, Assistant District Public Defender, for the appellant, Michael Dean Baugh.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant in this appeal contends the trial court erred by not setting aside his guilty plea and by denying alternative sentencing.  Unfortunately, the guilty plea transcript is not a part of the record.  It is the duty of the appellant to provide a proper record with regard to the issues on appeal. Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).  Here, the guilty plea transcript is relevant to both issues raised on appeal.  We must presume that the rulings of the trial

court were correct. *See* State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). Nevertheless, we will briefly address the issues raised.

## I. MOTION TO SET ASIDE GUILTY PLEA

Defendant testified at the hearing on his Rule 32(f) motion that he thought he was pleading guilty to misdemeanor theft rather than aggravated burglary. On cross-examination he conceded he had considerable criminal justice experience, and his written plea of guilty clearly specified the offense of aggravated burglary. The trial court found that "this defendant knew exactly what he was doing on the day that he entered his plea" and denied the motion. The evidence does not preponderate against this finding, and the trial court did not abuse its discretion in denying the motion. *See* State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995) (holding a Tenn. R. Crim. P. 32(f) motion is governed by an abuse of discretion standard of review).

## II. ALTERNATIVE SENTENCING

Defendant's contention that the trial court erred in denying alternative sentencing is likewise without merit. The trial court made the following findings:

> There is a presumption in favor of alternative sentencing. To say the least, that presumption has been overcome in this particular case. As far as the potential or lack of potential for rehabilitation, including the risk of committing another crime while on probation, which is set out in 40-35-103(5), I think one has to only glance at his prior record.
>
> In 2000, we had public intoxication and assault.
>
> In '99, we had 3 public intoxications.
>
> In '97, we had a robbery, a disorderly [conduct], and a public intoxication.
>
> In '96, we had 5 public intoxications, 3 vandalisms, 1 indecent exposure, 1 disorderly conduct, 1 resisting arrest, and 1 theft.
>
> In '95, we had 1 public intoxication.
>
> In '94, 2 public intoxications.
>
> In '93, a burglary.

In '92, burglary, resisting arrest, disorderly conduct, weapons assault, false report.

In '94 and '98, we had probations revoked.

In '97 and '99, he absconded.

I think he is a perfectly horrible risk and almost a guarantee to repeat if placed on probation. I see no potential for rehabilitation. In addition, his complete lack of candor on the stand today convinces me further that there is no present hope of rehabilitation without confinement. . . . [L]ooking at the sentencing considerations in 40-35-103, confinement is absolutely necessary to protect society from this defendant with his long criminal history. And factor No. 3, measures less restrictive have very frequently and rather recently failed. He clearly is not a candidate for alternative sentencing.

We wholeheartedly agree.

## CONCLUSION

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE